UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS G. WHITTIE,

        Plaintiff,

vs.

CITY OF RIVER ROUGE and
JEFFREY HARRIS, individually and in
his official capacity, and
jointly and severally,

        Defendants.
_____

GARY T. MIOTKE (P41813)
Attorney for Plaintiff
6828 Park Avenue
Allen Park, MI 48101
(313)-388-4809
gmiotke@miotkelawoffice.com
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff by and through his attorney, and for his Complaint he states that:

## JURISDICTION, PARTIES, VENUE

1. This action arises out of the Plaintiff's employment.

2. Count I is an action to enforce civil rights pursuant to 42 USC 1983.

3. This Court has jurisdiction over Count I pursuant to 28 USC 1331 and 28 USC 1343(a)(3) and (4).

1

4. This Court has jurisdiction over Count II by virtue of the doctrine of supplemental jurisdiction, 28 USC 1367.

5. Plaintiff is a resident of the City of Ferndale, County of Oakland, State of Michigan.

6. Defendant, CITY OF RIVER ROUGE ("CITY") is a Michigan municipal corporation that exists within the Eastern District of Michigan, Southern Division.

7. Defendant, JEFFREY HARRIS ("HARRIS") is a resident of a municipality that exists within the Eastern District of Michigan, Southern Division.

8. The events giving rise to this case arose within the Eastern District of Michigan.

## BACKGROUND FACTS

9. Plaintiff has been and continues to be employed by the CITY as a part-time police officer.

10. During the same time period, HARRIS was employed by the CITY most recently as its Chief of Police and Fire.

11. Prior to 2013, Plaintiff and HARRIS had discussed the Plaintiff becoming a full-time police officer and going to law school.

12. HARRIS indicated that it would be no problem for the CITY to accommodate the Plaintiff's law school schedule by having the Plaintiff work the midnight shift throughout the Plaintiff's tenure in law school.

13. HARRIS also encouraged the Plaintiff to apply for the first full-time position that became available and stated that the Plaintiff would be a good fit with the CITY'S police department.

14. Between September 2011 and April 2013, the CITY and HARRIS implemented a public safety program for combined police/fire services.

15. Plaintiff discussed with HARRIS that there was a lack of standard operating procedures for fire scenes/fire suppression.

16. HARRIS dismissed Plaintiff's expressions of concern.

17. In or around February 2013, Plaintiff sent an email to supervisors of the City's Department of Police and Fire regarding the lack of and the need for "rubber gloves for barrier protective purposes".

18. The Plaintiff's email was to be passed up the chain of command and was ultimately passed up the chain of command to HARRIS.

19. Despite the Plaintiff's email, the problems with the lack of rubber gloves continued.

20. On April 6, 2013, the Plaintiff was exposed to a prisoner's blood.

21. The problems with this exposure were exacerbated by the lack of rubber gloves and the CITY's lack of policy to address such an exposure.

22. Per MIOSHA regulations, police departments are required to maintain policies, training, and equipment to protect employees from exposure to blood borne pathogens.

23. MIOSHA also requires employees of such departments to receive, at the employers' expense, Hepatitis B vaccinations.

24. The CITY's Department of Police and Fire had no such policies, provided no such training, failed to provide appropriate equipment (including rubber gloves), and did not offer part-time police officers such vaccinations.

25. After the incident where the Plaintiff was exposed to a prisoner's blood, Plaintiff informed a lieutenant of the CITY's Department of Police and Fire that he was reporting to MIOSHA the lack of policies as well as the failures to provide required training, equipment, and vaccinations.

26. Plaintiff also informed the lieutenant that he would be reporting to MIOSHA the lack of standard operating procedures for fire scenes/fire suppression.

27. On information and belief, HARRIS was made aware of the Plaintiff's discussions with the lieutenant.

28. In April 2013, Plaintiff did make a report to MIOSHA about the deficiencies noted above. The Plaintiff did not request to remain anonymous in his complaint.

29. Within days of Plaintiff filing his complaint, HARRIS had the Plaintiff assigned to the afternoon shift thus significantly diminishing his possible earnings due to the conflict with his law school schedule.

30. In addition, statements HARRIS made to Plaintiff and/or others demonstrated that HARRIS held Plaintiff's complaint to MIOSHA against the Plaintiff.

31. In or around September 2013, HARRIS announced that the CITY received a COPS grant to hire one part-time officer as a full-time police officer.

32. Plaintiff discussed with others including in front of the CITY's Mayor that HARRIS was intoxicated while on-duty at the Rouge Days Festival.

33. Approximately two weeks later, the Plaintiff was again not assigned to the midnight shift due to the actions of HARRIS thus once again significantly diminishing his possible earnings due to the conflict with his law school class schedule.

34. In October 2013, all part-time officers including the Plaintiff were interviewed for the full-time officer position.

35. Despite the fact that the Plaintiff was the most qualified part-time officer to fill the position based on his credentials and the recommendations of the sergeants interviewing the candidates for the position, HARRIS recommended to the CITY'S public safety commission that another less qualified part-time officer be selected for the position on October 10, 2013.

36. When Plaintiff spoke out and/or made the complaint to MIOSHA as noted above, his statements were on matters of a public concern.

37. Further, Plaintiff did report violations or suspected violations of law to a public body or public bodies.

38. HARRIS' acts of removing the Plaintiff from the midnight shift and recommending that someone other than the Plaintiff be hired as a full-time police officer as noted above were due in significant part to the Plaintiff's speech, conduct, and/or expression on matters of a public concern and/or were due in significant part to the Plaintiff's reports of violations or suspected violations of the law to a public body or to public bodies.

39. As such, the adverse actions taken with respect to the Plaintiff were contrary to the laws of the United State of America and the State of Michigan.

COUNT I: DEPRIVATION OF THE PLAINTIFF'S FEDERAL CIVIL RIGHTS AS TO ALL DEFENDANTS

40. The Plaintiff incorporates paragraphs 1 through 39 above by reference.

41. This Count is brought pursuant to 42 USC 1983.

42. The adverse actions taken by the Defendants against the Plaintiff as noted above were taken under color of state law.

43. The adverse actions stemmed from purposeful discrimination and/or from the CITY's policy(ies) and/or custom(s).

44. The adverse actions violated the Plaintiff's 1st Amendment rights to freedom of association, to freedom of speech and/or expression, and/or to petition government for the redress of grievances in that they were made in significant part due to the Plaintiff's statements, actions, and/or activities that were protected under the 1st Amendment.

45. As a direct and proximate result, Plaintiff has sustained damages including (but not necessarily limited to) the following:

   (a) Loss of income;

   (b) Loss of fringe benefits;

   (c) Loss of pension and/or Social Security benefits;

   (d) Severe mental anguish and distress;

   (e) Embarrassment and humiliation;

   (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

   (g) Fright, shock, and mortification;

   (h) Pain and suffering;

   (i) Damage to reputation;

   (j) Liquidated damages;

   (k) Punitive damages; and

   (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a

judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

### COUNT II: VIOLATION OF RIGHTS UNDER THE WHISTLEBLOWERS' PROTECTION ACT AS TO ALL DEFENDANTS

46. The Plaintiff incorporates paragraphs 1 through 45 above by reference.

46. Under the Whistleblowers' Protection Act ("WPA"), the Defendants were and/or are "employers".

47. Under the WPA, each Defendant was also a "public body".

48. Under the WPA, the Plaintiff was an "employee".

49. The adverse actions taken by the Defendants against the Plaintiff as noted above were taken in significant part due to the Plaintiff's report(s) of violations or suspected violations of the law to at least one public body.

50. The Defendants thus violated the WPA.

51. As a direct and proximate result, the Plaintiff sustained the damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced

as a result of the actions against him;

(g) Fright, shock, and mortification;

(h) Pain and suffering;

(i) Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

DEMAND FOR TRIAL BY JURY IS HEREBY MADE.

DATED: January 7, 2014          /s/ GARY T. MIOTKE_____
                                GARY T. MIOTKE (P41813)
                                Attorney for Plaintiff