UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GARRY WHITTIE,

     Plaintiff,          CIVIL ACTION NO. 14-cv-10070

     v.                   DISTRICT JUDGE JOHN CORBETT O'MEARA

CITY OF RIVER ROUGE     MAGISTRATE JUDGE MONA K. MAJZOUB
and JEFFREY HARRIS,

     Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANTS'
EMERGENCY MOTION TO STRIKE [17]

This matter comes before the Court on Defendants City of River Rouge and Jeffrey Harris's Emergency Motion to Strike the FOIA Request of Ronald Dupuis. (Docket no. 17.) Plaintiff Dennis Garry Whittie responded to Defendants' Motion (docket no. 19), and Defendants replied to Plaintiff's Response (docket no. 22). Mr. Dupuis has not responded to Defendants' Motion. The Motion has been referred to the undersigned for consideration. (Docket no. 18.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff, a part-time police officer employed by Defendant City of River Rouge, initiated this action on January 7, 2014 pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment Rights and the Whistleblowers' Protection Act by removing Plaintiff from the midnight shift and recommending that someone other than Plaintiff be hired as a full-time police officer. (*See* docket no. 1.) On March 4, 2015, Plaintiff submitted a Michigan Freedom of Information Act (FOIA) request to City of River Rouge Police Chief, Deborah Price, on

behalf of his friend and roommate, Ronald Dupuis. (Docket no. 17 at 2; docket no. 17-1; docket no. 19 at 6.) Chief Price then delivered a copy of the FOIA request to Defendants' counsel for review, at which time Defendants' counsel allegedly discovered that everything requested by Mr. Dupuis was either requested by Plaintiff during discovery in the instant matter or referenced by Plaintiff in his deposition or at some point during the discovery period. (Docket no. 17 at 2-3.) Defendants subsequently filed the instant motion to strike Mr. Dupuis' Michigan FOIA request on March 10, 2015, in which they seek a court order (1) denying Mr. Dupuis' FOIA request; (2) "[p]rohibiting Plaintiff from using any other sources and/or agents from submitting similar FOIA requests attempting to circumvent the discovery and FOIA statute;" and (3) awarding Defendants costs and attorney fees. (*Id*. at 8.) It is unclear whether Defendants have responded to Mr. Dupuis' request as required by the Michigan FOIA statute. *See* Mich. Comp. Laws. § 15.235(2).

Michigan's Freedom of Information Act provides that "[e]xcept as expressly provided in [Michigan Compiled Laws § 15.243], upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body. Mich. Comp. Laws § 15.233(1). A public body, however, may exempt from disclosure "[r]ecords or information relating to a civil action in which the requesting party and the public body are parties." Mich. Comp. Laws § 15.243(1)(v). Generally, a public body is required to respond to a request for a public record within five business days of receiving the request by (1) granting the request; (2) denying the request through a written notice; (3) granting the request in part and issuing a written notice denying the request in part; or (4) issuing a notice extending the response period for not more than ten

business days. Mich. Comp. Laws § 15.235(2). If a public body denies all or a portion of a request, the requestor may submit a written appeal to the head of the public body or commence an action in the circuit court. Mich. Comp. Laws § 15.240(1).

Defendants assert that all of the documents requested by Mr. Dupuis were either requested by Plaintiff during discovery but objected to by Defendants, referenced by Plaintiff during his February 12, 2015 deposition, or referenced, but not sought, by Plaintiff during the discovery process. (Docket no. 17 at 2-3, 4.) The deadline for the completion of discovery was February 27, 2015. (Docket no. 15.) Defendants claim that Plaintiff is attempting to circumvent the discovery deadline and the aforementioned exemption in Michigan's FOIA statute by using Mr. Dupuis as an agent to gain information concerning this lawsuit. (Docket no. 17 at 3, 8.) In response, Plaintiff argues that while some of the items requested by Mr. Dupuis are arguably related to this case, many are not. (Docket no. 19 at 6.) Plaintiff further asserts that the Court has neither subject matter nor personal jurisdiction over Mr. Dupuis' Michigan Freedom of Information Act request and that even if the Court had jurisdiction, Mr. Dupuis' FOIA request is not barred by Michigan's Freedom of Information Act. (Docket no. 19 at 7-11.)

Specifically, Plaintiff argues that the Court lacks subject matter jurisdiction over Mr. Dupuis' request under the Court's Scheduling Order or the Stipulated Protective Order entered in this matter because Mr. Dupuis' FOIA request did not arise under the discovery procedures administered by the Court and Mr. Dupuis is not seeking to receive things via discovery in this case. (*Id*. at 7.) Plaintiff also argues that only a Michigan circuit court has authority to rule in the first instance on whether a Michigan FOIA request should be honored. (*Id*. at 8 (citing Mich. Comp. Laws § 15.240).) Additionally, Plaintiff argues that the Court lacks personal jurisdiction over Mr. Dupuis because Mr. Dupuis has not submitted to this Court's jurisdiction. (*Id*. at 8.)

3

Defendants counter that Plaintiff's jurisdictional argument is without authority and assert that the Court has jurisdiction because (1) Plaintiff served the FOIA request on behalf of Mr. Dupuis; (2) the information sought pertains to Plaintiff's allegations in this matter; and (3) Plaintiff has not denied Defendants' allegation that Plaintiff is using Mr. Dupuis' FOIA request to circumvent the Court's Scheduling Order and Protective Order to obtain discovery related to this case. (Docket no. 22 at 5-6.)

As noted above, Defendants allege that the information sought by Mr. Dupuis is all information that Plaintiff sought during discovery in this matter, referenced in his deposition, or otherwise referenced during the discovery process. Defendants, however, did not attach a copy of Plaintiff's discovery requests or deposition testimony to the instant motion. Also, Defendants admit that, other than the information requested by Mr. Dupuis regarding certain April 6, 2013 telephone calls and police recordings, none of the information sought is relevant to the allegations Plaintiff made in his Complaint. (Docket no. 17 at 4.) Similarly, Plaintiff repeatedly asserts in his response that while some of the items sought by Mr. Dupuis are arguably related to this matter, many of the items are "clearly" not related. (Docket no. 19 at 6, 7, 11.) With both parties asserting that the majority of the requested information is irrelevant or unrelated to this matter, it is unclear how Plaintiff could be using Mr. Dupuis as an agent to circumvent the discovery deadline set forth in the Court's Scheduling Order to gain information concerning this lawsuit.

Moreover, Defendants' argument that the parties' Stipulated Protective Order entered in this matters protects much, if not all, of the information sought by Mr. Dupuis fails. (*See* docket no. 17 at 3.) The documents sought by Mr. Dupuis under Michigan's FOIA statute are presumably public records; the parties' Stipulated Protective Order protects confidential, non-

public information and documents exchanged by the parties in this matter.  (*See* docket no. 17-1; *see* docket no. 11.)  Furthermore, and most significantly, Defendants have failed to cite any legal authority regarding the Court's power to adjudicate a nonparty's state law Freedom of Information Act request.  While the service, timing, and content of Mr. Dupuis' FOIA request may raise some eyebrows, Defendants have not sufficiently demonstrated how the Court has jurisdiction to strike Mr. Dupuis' Michigan FOIA request, deny Mr. Dupuis' Michigan FOIA request, or prohibit others from filing similar requests under Michigan's Freedom of Information Act.  Accordingly, the Court will deny Defendants' Motion to Strike.[1]

**IT IS THEREFORE ORDERED** that Defendants' Emergency Motion to Strike the FOIA Request of Ronald Dupuis [17] is **DENIED**.  Costs and attorney's fees are denied to both parties.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 8, 2015         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

---

[1] Because Defendants' Motion is denied on a jurisdictional basis, the Court will not address the parties' arguments regarding whether Mr. Dupuis' request falls under the "civil action" exemption to Michigan's Freedom of Information Act.  *See* Mich. Comp. Laws § 15.243(1)(v).

**PROOF OF SERVICE**

    I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated:  April 8, 2015         s/ Lisa C. Bartlett
                                      Case Manager